IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PREMIER TECH, INC., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS <br><br> District Judge Ted Stewart <br><br> Case No. 2:20-CV-890-TS-CMR |

In this matter, Plaintiff Premier Tech, Inc. ("Premier") seeks a tax refund from the United States. Now before the Court is the United States' Motion to Dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). For the following reasons, the Court will deny the Motion.

I.  BACKGROUND

On November 12, 2018, Premier sent the Internal Revenue Service ("IRS") a Form 1120X amended tax return for its fiscal year that ended in February 2015 ("Tax Year 2014"). The amended return requests a refund in the amount of $190,263.[1] The "Explanation of Changes" form explains the amended return includes a new tax credit for increasing research activities, which is codified in 26 U.S.C. § 41, and refers to the attached Form 6765 for details.[2] On Form 6765, Premier states it spent $1,950,364 on "wages for qualified services" and $1,850,927 on supplies in Tax Year 2014.[3] It also shows a base amount of $1,544,803 for

---

[1] Docket No. 11-1, at 1.

[2] *Id.* at 4.

[3] *Id.* at 49.

1

qualified research expenses in the three years prior to Tax Year 2014.[4] After completing the required calculations, the Form shows a $315,908 tax credit.[5]

In December 2018, the IRS denied Premier's refund request for being untimely.[6] Premier submitted an appeal letter, arguing the request was timely.[7] The matter was referred to the IRS Office of Appeals for review, and in December 2019 the IRS agreed the amended return was timely.[8] In February 2020, the IRS allegedly told Premier the amended return was under review in an "internal audit."[9] Over the next eleven months, the IRS repeatedly said there were processing delays and the return was still being reviewed.[10] Premier never received the refund or a denial.

On December 17, 2020, Premier filed this lawsuit against the United States for the $190,263 tax refund it believes it is owed. The United States moves to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

II. DISCUSSION

A. Subject Matter Jurisdiction

Under Rule 12(b)(1), a court must dismiss a complaint when the court lacks subject matter jurisdiction over it. When challenging subject matter jurisdiction, parties can challenge the sufficiency of the complaint on its face or the validity of the jurisdictional facts in the

---

[4] *Id.*

[5] *Id.*

[6] Docket No. 13, at 11.

[7] *Id.*

[8] *Id.*

[9] *Id.*; Docket No. 13-12, at 2.

[10] Docket No. 13, at 11; Docket No. 13-12, at 2; Docket No. 13-10; Docket No. 13-4.

complaint.[11] Here, the United States challenges the validity of the jurisdictional facts. Thus, the Court will not assume the facts in the Complaint are true, and the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[12] "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[13]

Under the doctrine of sovereign immunity, courts do not have subject matter jurisdiction over cases against the United States except where the United States has waived its immunity.[14] The Internal Revenue Code waives sovereign immunity over tax refund claims only when "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."[15]

According to the United States, Premier has not filed a claim for refund within the meaning of the Internal Revenue Code, so the United States has not waived its sovereign immunity. Specifically, the United States argues Premier's amended return did not satisfy the specificity requirement under 26 C.F.R. § 301.6402-2(b)(1). Premier contends that its complete amended return constitutes a claim under 26 C.F.R. § 301.6402-3(a)(5) and is sufficiently specific, so the United States has waived its sovereign immunity.

---

[11] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).
[12] *Id.*
[13] *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (internal quotation marks and citations omitted).
[14] *See Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003).
[15] 26 U.S.C. § 7422(a).

1. 26 C.F.R. § 301.6402-2(b)(1)

Under 26 C.F.R. § 301.6402-2(b)(1), a claim for refund or credit, whether formal or informal, must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." If it does not meet this specificity requirement, it is not considered a claim for refund. The purpose of this requirement "is to afford the Service an opportunity to consider and dispose of the claim without the expense and time which would be consumed if every claim had to be litigated."[16] There is not a precise rule for what level of detail satisfies the specificity requirement, but it is not a high standard. Some courts have explained, "[t]he specificity requirement is met 'if the basic issue is evident from the record, and the IRS is aware of the nature of the claim.'"[17] Another court has said that "to be a valid return for purposes of a refund claim, the return must contain sufficient data to allow calculation of tax."[18] And another court has said the taxpayer "need only set forth facts in the claim sufficient to enable the IRS to make an intelligent review of the claim."[19]

Premier's amended return is sufficiently specific. It states that the tax credits claimed on line 4 of Form 1120X are for increasing research activities. Premier's Form 6765 calculates amounts for the increase in research activities and the amount of the credit to be applied. It specifies that Premier paid $1,950,364 in wages for qualified services and $1,850,927 for supplies, totaling $3,801,291 in qualified expenses. Form 6765 also includes Premier's qualified research expenses for the prior three tax years, calculates the base amount, and shows the amount

---

[16] *Herrington v. United States*, 416 F.2d 1029, 1032 (10th Cir. 1969).

[17] *United States v. McFerrin*, 492 F. Supp.2d 695, 705 (S.D. Tex. 2007) (quoting *IA 80 Grp., Inc. & Subsidiaries v. United States*, 347 F.3d 1067, 1074 (8th Cir. 2003)).

[18] *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2012).

[19] *303 W. 42nd St. Enters., Inc. v. IRS.*, 181 F.3d 272, 278 (2d Cir. 1999).

of increase in qualified expenses for Tax Year 2014. The United States is not left wondering upon what grounds the claim for refund is based or how the refund was calculated.

In addition, the authority the United States cited to support its position that Premier's amended return does not satisfy the specificity requirement is inadequate. To illustrate that "the mere statement of a dollar amount" is not enough, the United States cites to *Provenzano v. United States*, in which the plaintiff simply submitted a letter demanding a refund of $287.44.[20] The court found this letter was insufficient to constitute a claim.[21] In contrast, Premier's amended return explains the changes from its original return and includes the calculations to show how it came to the requested refund amount. This is much more than the simple dollar amount stated in *Provenzano*.

*Green v. United States*[22] is likewise inapposite. In *Green*, a trustee submitted an amended return adding approximately $9 million in charitable deductions under 26 U.S.C. § 642(c)(1).[23] On appeal, the trustee raised a brand-new argument that the donations could be deducted as charitable contributions under 26 U.S.C. § 512(b)(11) instead.[24] The Tenth Circuit found this new legal theory was barred by the substantial variance doctrine, which prohibits taxpayers from raising new grounds and facts outside those stated in their claims for refunds.[25] Certainly, Premier will be limited to claiming a credit for increasing research activities and relying on the

---

[20] 123 F. Supp. 2d 554, 556 (S.D. Cal. 2000).

[21] *Id.* at 558.

[22] 880 F.3d 519 (10th Cir. 2018).

[23] *Id.* at 523.

[24] *Id.* at 531.

[25] The United States argues that the claim's deficiency in *Green* was a factual deficiency. However, the Tenth Circuit refers to the trustee's new argument as a new "legal theory" and does not suggest that the facts in the claim were insufficient. *Id.* at 532.

facts in the amended return such as the fact that it paid and the amounts it paid for wages and supplies for qualified research. But at this point, Premier has not raised new grounds or facts, so *Green* does not support dismissal.

In contrast, *United States v. McFerrin*[26] is a factually and legally analogous decision from the Southern District of Texas that the Court finds persuasive. In *McFerrin*, the plaintiffs sought a refund for a tax credit for increasing research activities under 26 U.S.C. § 41. The plaintiffs submitted an amended return that included Form 6765 and said the tax credits were "Credit for Increasing Research Activities."[27] When analyzing the amended return's specificity, the court found that "[t]he amendment makes it plain that the basis for the credit is increasing research activities and calculates a specific amount."[28] With this information, "[t]he IRS was on notice of the nature of the claim, the entities claiming the credit, and the legal theory upon which the claim was founded."[29] Therefore, the amended return satisfied the specificity requirement and constituted a claim.[30]

Likewise, Premier's amended return satisfies the specificity requirement and constitutes a claim. The amended return is complete and puts the IRS on notice about the nature of the claim, the entity claiming the credit, and the legal theory upon which the claim is founded. The amended return has sufficient data to calculate the tax and includes enough information to allow the IRS to efficiently investigate the requirements of 26 U.S.C. § 41 and make an informed

---

[26] 492 F. Supp. 2d 695.

[27] *Id.* at 705.

[28] *Id.*

[29] *Id.* at 705–06 (internal quotations and citations omitted).

[30] *Id.* at 706.

determination about the refund. Therefore, Premier's amended return is sufficiently specific and constitutes a claim.

2. 26 C.F.R. § 301.6402-3(a)(5)

As Premier points out, its amended return also constitutes a claim under 26 C.F.R. § 301.6402-3(a)(5). This regulation provides that

> [a] properly executed . . . amended return (on 1040X or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 . . . if it contains a statement setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax.

Courts have agreed that a claim made on an amended return must also comply with the specificity requirement in § 301.6402-2(b)(1).[31] However, a properly executed amended return will normally constitute a claim for refund.[32] Here, Premier submitted an amended return that states an overpayment in the amount of $190,263 and requests that amount to be refunded. It is complete and signed under penalty of perjury.[33] Thus, the amended return constitutes a claim under § 6402.

---

[31] *See Fearis v. Comm'r*, 548 F. Supp. 408, 410 (N.D. Tex. 1982); *Goldberger v. United States*, 150 Fed. Cl. 284, 288 (Fed. Cl. 2020); *Beckwith Realty, Inc. v. United States*, 896 F.2d 860, 863 (4th Cir. 1990); *In re Ryan*, 64 F.3d 1516, 1521–22 (11th Cir. 1995); *see also* 15 Mertens Law of Fed. Income Tax'n § 58:25.

[32] *See Maruska v. United States*, 77 F. Supp. 2d 1035, 1039 (D. Minn. 1999); *Video Training Source, Inc. v. United States*, 991 F. Supp. 1256, 1260 (D. Colo. 1998); *Fearis*, 548 F. Supp. at 410.

[33] *See Smith v. United States*, No. 2:20-CV-02439-JAR-JPO, 2021 WL 1210236, at *4 (D. Kan. Mar. 31, 2021) (explaining that a properly executed return must include essential information and be verified under penalty of perjury); *Waltner*, 679 F.3d at 1334 ("[A] form that contains zeros in place of any reportable income does not constitute a valid tax return; it is not 'properly executed' for purposes of § 301.64002-3(a)(5)."); *Diamond v. United States*, 107 Fed. Cl. 702, 705 (Fed. Cl. 2012) ("[T]he taxpayer must execute the return by signing it under penalty of perjury.").

Nevertheless, the United States argues that the amended return is not sufficient because Premier did not attach additional documents addressing every single element in 26 U.S.C. § 41, such as describing the research conducted, explaining how that research worked to develop a business component, detailing on whose wages and what supplies the money was spent, and proving the amount spent on research in the prior three tax years. But the United States offers no authority for imposing such a requirement. Form 6765 does not ask taxpayers to provide any of these details. If the IRS wants more information about the research tax credits, the IRS could require that information on Form 6765. It does not, and the IRS cannot now say its own forms are not sufficient to constitute claims for refunds. That would lead to absurd and patently unfair results for taxpayers. Furthermore, under the government's position, no tax return claiming tax credits for increasing research activities could possibly constitute a claim for a refund. This is directly contradicted by 26 C.F.R. § 301.6402-3(a)(5).

Thus, the Court finds that Premier's amended return constitutes a claim for refund under both regulations and declines to dismiss the Complaint for lack of subject matter jurisdiction.

B. Failure to State a Claim

Under Rule 12(b)(6), a court may dismiss a complaint when it fails to state a claim upon which relief can be granted.[34] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[35] Legal conclusions alone are not sufficient.[36] When reviewing a motion to dismiss, a court must

---

[34] Fed. R. Civ. P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

[36] *Id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

assume all the facts alleged in the complaint are true[37] and view them in the light most favorable to the plaintiff.[38] "Generally, the sufficiency of a complaint must rest on its contents alone,"[39] but there are exceptions: documents incorporated by reference in the complaint, undisputed documents referred to in and central to the complaint, and matters of which the court may take judicial notice may all be considered on a 12(b)(6) motion to dismiss.[40]

A district court reviews tax refund claims *de novo*.[41] Thus, "it is not enough for a taxpayer to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects. Instead, the taxpayer must also prove the *amount* of the refund due."[42] To state a claim for a refund, "a plaintiff must provide the court 'with grounds and facts sufficient to support the claim,' namely information that indicates 'the amount of tax liability and all tax payments made.'"[43]

Premier's Complaint focuses entirely on showing that the IRS's denial for untimeliness was erroneous. However, the Complaint does not provide any allegations supporting a refund

---

[37] *Hall*, 935 F.2d at 1109.

[38] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

[39] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[40] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). *See also Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (internal citations omitted).

[41] *R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991); *Lua v. United States*, 123 Fed. Cl. 269, 273 (Fed. Cl. 2015).

[42] *WMI Holdings Corp. v. United States*, 891 F.3d 1016, 1021–22 (Fed. Cir. 2018) (internal quotations and citations omitted); *see also Hale v. United States*, 143 Fed. Cl. 180, 190 (Fed. Cl. 2019).

[43] *El v. United States*, 144 Fed. Cl. 741, 750 (Fed. Cl. 2019) (quoting *Williams v. United States*, 112 Fed. Cl. 67, 75 (Fed. Cl. 2013)).

beyond stating that the IRS received its amended return on November 12, 2018, and conclusively stating that Premier is owed a tax refund in the amount of $190,263.[44] The Complaint does not include Premier's tax liability for Tax Year 2014 or the amount it paid in taxes for that year. The Complaint does not include a copy of Premier's amended return, and it does not make any effort to explain the factual basis for the refund Premier is allegedly owed. Thus, the allegations in the four corners of the Complaint alone do not plausibly show that Premier is entitled to a refund.

However, Premier references the amended return several times in the Complaint.[45] As explained above, the amended return constitutes the claim for refund submitted to the IRS, so it is central to Premier's Complaint. In addition, there is no dispute about the amended return's authenticity. The amended return alleges that Premier's tax liability in Tax Year 2014 was $1,185,791 and that Premier paid $1,376,054. Therefore, according to Premier, it overpaid its taxes by $190,263, the requested refund amount. In addition, the amended return describes how the calculations are different from the original return, and it contains all of the necessary attachments with detailed calculations. Considering the amended return, Premier has alleged facts sufficient to state a claim for a refund. Accordingly, the Court will not dismiss the Complaint for failure to state a claim.

   C.  Alliantgroup and Zerbe, Miller, Fingeret, Frank & Jadav, LLP

The Court is disturbed by the United States' gratuitous criticisms of Alliantgroup and Zerbe, Miller, Fingeret, Frank & Jadav, LLP ("ZMFF&J"), Premier's tax consulting firm and attorneys, respectively. In its Motion, the United States implies that these businesses regularly seek undeserved tax refunds for their clients under 26 U.S.C. § 41. The United States' broad

---

[44] Docket No. 2 ¶ 5.

[45] *Id.* ¶¶ 9, 13–15, 18, 21.

criticisms of Premier's representation have no bearing on the merits of the Motion or Premier's claim. It is not appropriate for the government to use this Court to attack or harass Alliantgroup or ZMFF&J, and the Court will not tolerate this behavior going forward.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 10) is DENIED.

DATED July 15, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge